United States District Court
Southern District of Texas
**ENTERED**
September 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BARRERA OCHOA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:22-cv-00211 |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant, | § | |
| | § | |

## OPINION AND ORDER

The Court now considers Defendant's Motion to Dismiss for Failure to State a Claim[1]

Plaintiff's response,[2] and Defendant's reply.[3] After considering the motion, record, and relevant

authorities, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion.

Plaintiff's breach of contract claims survive dismissal, but its noncontractual claims are dismissed.

### I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from an insurance dispute. Barrera Ochoa Corporation ("Plaintiff") alleges

that its real property and improvements located at 5501, 5503, 5505, and 5509 Acapulco St., Rio

Grande City, Texas 78582 ("the Property") were damaged by a hailstorm on or about May 26,

2020.[4] Plaintiff maintains that two months later on July 25, 2020, Hurricane Hanna also caused

---

[1] Dkt. No. 7.

[2] Dkt. No. 12.

[3] Dkt. No. 14.

[4] Plaintiff's Original Petition states "On or about **May 26, 2022** the property sustained hail damage and following Hurricane Hanna on July 25, 2020, the roof of the property began to severely leak." Dkt. No. 1-3 at 4, ¶ 11 (emphasis added). However, Plaintiff's Original Petition also refers to "[T]he hailstorm . . . on **May 26, 2020**." Dkt. No. 1-3 at 5, ¶ 17 (emphasis added). Plaintiff's Response to Defendant's 12(b)(6) Motion to Dismiss reiterates that the hailstorm "occurred at the location of the Property on **May 26, 2020**." Dkt. No. 12 at 1, ¶ 1 (emphasis added). Because there appears to be no misunderstanding by Defendant regarding the alleged date of the hail damage, the Court reasonably

"extensive damage to the Property, including but not limited to damage to the roofing system, the exterior wall covering, HVAC systems, and the interior of the property."[5] Defendant Acceptance Indemnity Insurance Company[6] ("Defendant") denied Plaintiff's insurance claims arising from both of these events.[7] Plaintiff claims that Defendant violated the Texas Insurance Code, violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and breached its contract with Plaintiff.[8]

Plaintiff originally filed in state court on May 24, 2022[9] and Defendant removed to this Court on July 1, 2022, on the basis of diversity jurisdiction.[10] Six days later, on July 7, 2022, Defendant filed the instant motion seeking dismissal of Plaintiff's Original Petition,[11] Plaintiff timely responded,[12] and Defendant replied to that response.[13] Defendant's Motion to Dismiss is now ripe for the Court's consideration.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff is a Texas corporation with its principal place of business in Starr County, Texas.[14] Defendant "is a foreign corporation organized under the laws of the state of Nebraska with its principal place of business in Nebraska.

---

infers that the date of the hail damage is May 26, 2020. Dkt. No. 7 at 5 (Defendant acknowledged "Plaintiff only states the Property sustained hail damage on **May 26, 2020**") (emphasis added).
[5] Dkt. No. 1-3 at 5, ¶ 11.
[6] On August 1, 2022, the parties filed a Stipulation of Dismissal as to Defendant IAT Insurance Group.
[7] Dkt. No. 1-3 at 5, ¶ 22.
[8] *Id*. at 7.
[9] *Id*. at 2.
[10] Dkt. No. 1 at 2, ¶¶ 3-6.
[11] Dkt. No. 1-3.
[12] Dkt. No. 12.
[13] Dkt. No. 14.
[14] Dkt. No. 1-3 at 2, ¶ 2.

Therefore, Defendant is a citizen of Nebraska."[15] Accordingly, the parties are diverse in citizenship.

Plaintiff seeks monetary relief "over $1,000,000."[16] Therefore, it is "facially apparent"[17] that Plaintiff's claims are for more than the jurisdictional threshold of $75,000 set by 28 U.S.C. § 1332(a). Accordingly, the Court agrees with Defendant that jurisdiction is proper in this Court.[18]

**B.  Legal Standards for the Motion to Dismiss for Failure to State a Claim**

"A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[19] Under Rule 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] The Court reads the complaint as a whole,[21] accepting all well-pleaded facts as true (even if doubtful or suspect[22]) and viewing those facts in the light most favorable to the plaintiff.[23] While the Court will not strain to find inferences favorable to the plaintiff,[24] it also will not indulge competing reasonable inferences that favor the defendant.[25] A plaintiff need not plead evidence[26] or even detailed factual allegations (especially

---

[15] Dkt. No. 1 at 2, ¶ 4.

[16] Dkt. No. 1-3 at 9, ¶ 42.

[17] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[18] *See* Dkt. No. 1.

[19] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[22] *Twombly*, 550 U.S. at 555–56.

[23] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).

[24] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[25] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[26] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).

when certain information is peculiarly within the defendant's possession[27]), but must plead more than "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[28] The Court is to give a liberal construction to the pleadings and allow plaintiffs to offer evidence clarifying and supporting their theories of liability unless there is no basis for liability.[29]

In evaluating a motion to dismiss, courts disregards any conclusory allegations or legal conclusions[30] as not entitled to the assumption of truth,[31] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[32] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] Courts have "jettisoned the [earlier] minimum notice pleading requirement."[34] The complaint must plead facts that nudge the claims "across the line from conceivable to plausible"[35] because discovery is not a license to go fishing for a colorable

---

[27] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

[28] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).

[29] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

[30] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)) ("We do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'").

[31] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[32] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[33] *Iqbal*, 556 U.S. at 678.

[34] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[35] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

claim.[36] The complaint must allege more than the sheer possibility that a defendant acted unlawfully and more than facts merely consistent with a defendant's liability.[37] The complaint must plead every material point necessary to sustain recovery, and dismissal is proper if the complaint lacks a requisite allegation.[38] This standard aims "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, [but] not to evaluate the plaintiff's likelihood of success."[39]

In addition, Federal Rule of Civil Procedure 9(b) requires that plaintiffs, "[i]n alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[40] "The Fifth Circuit has interpreted [Rule 9(b)] strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[41]

---

[36] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[37] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

[38] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[39] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

[40] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).

[41] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) and *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).

This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[42] Nevertheless, "fraud may be pleaded without long or highly detailed particularity."[43] To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[44] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must delineate which defendant is responsible for which allegedly fraudulent activity.[45] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[46]

## C. Analysis

Defendant argues that Plaintiff's claims for breach of contract and violations of the Texas Insurance Code and DTPA are conclusory and do not satisfy the federal pleading standard or the heightened fraud pleading standard for fraud.[47] Plaintiff maintains that its factual allegation make a right to relief sufficiently plausible and that its claims of fraud and misrepresentation meet the Rule 9(b) requirements.[48]

---

[42] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).
[43] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).
[44] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).
[45] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)); *see Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted) (the allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud").
[46] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[47] Dkt. No. 7 at 2, ¶ 4; *Id.* at 11, § D.
[48] Dkt. No. 12 at 2, ¶¶ 3-4.

### 1. *Claims for Breach of Contract*

As Defendant correctly points out, "[i]n order to establish a reasonable basis upon which the Court may predict Plaintiff can recover for breach of contract, Plaintiff must allege facts to show (1) the existence of a valid contract; (2) performance or tendered performance by one party; (3) nonperformance of the contract by the other party; and (4) damages incurred as a result."[49]

Defendant contends that Plaintiff's Original Petition "lacks sufficient factual content that would allow the Court to reasonably infer that Defendant breached the contract with Plaintiff."[50] Specifically, Defendant maintains that:

> Plaintiff further failed to allege the nature of the contract, including a statement as to Defendants' obligations under the contract, how Defendants failed to comply with their contractual obligations, that covered damages occurred, that covered losses occurred within a valid policy period, and how Defendants' failure to comply with their contractual obligations caused damages.[51]

Moreover, Defendant argues "Plaintiff does not identify a single contractual provision allegedly breached by Defendants."[52]

Oddly, Plaintiff's Response to Defendant's Motion to Dismiss fails to address any of Defendant's breach of contract arguments.[53] Still, Plaintiff's breach of contract claim is not "waived and abandoned"[54] because Defendant's argument for dismissal is without merit. Construing the allegations in Plaintiff's Original Petition in the light most favorable to the Plaintiff, the pleadings are sufficient to support a plausible breach of contract claim.[55] Plaintiff alleges that "Defendants had a contract of insurance with Plaintiff. Defendants breached the terms of that contract by wrongfully denying and/or underpaying the claims and Plaintiff was damaged

---

[49] Dkt. No. 7 at 4, ¶ 7 (citing *Watson v. Allstate Tex. Lloyd's*, 224 F.App'x 335, 339 (5th Cir. 2007)).
[50] Dkt. No. 7 at 4, ¶ 7.
[51] *Id*. at 4, ¶ 9.
[52] *Id*. at 4-5, ¶ 9.
[53] Dkt. No. 12.
[54] *Contra* Dkt. No. 14 at 2.
[55] *See Twombly*, 550 U.S. at 555-56.

thereby." While that short allegation alone may not be enough to establish plausibility, the Court reads the complaint as a whole.

Elsewhere in the complaint, Plaintiff identifies a valid contract: "a property insurance policy – CP00109545 and CP00109592 (the "Policy") – issued by Acceptance."[56] It alleges that the Policy "insures, among other things, against losses from storm damage to Plaintiff's property, namely the real property and improvements located at 5501, 5503, 5505, & 5509 Acapulco St., Rio Grande City, Texas 78582,"[57] and that it held this policy at all relevant times.[58] For its part, Plaintiff performed under the contract by paying premiums[59] and filing a claim.[60] Plaintiff has alleged that Defendant's wrongful denial of a claim constitutes nonperformance under the contract.[61] That denial is the damage: Plaintiff is out the premiums *and* is left with uncompensated, damaged property.

The Court, therefore, finds that Plaintiff has pled sufficient facts regarding all elements of the claim, and its action for breach of contract will survive dismissal.

2.   *Noncontractual Claims under the Texas Insurance Code and DTPA*

Plaintiff also alleges noncontractual causes of action under Texas law regulating insurance. These claims will be separated into fraud claims and non-fraud claims and addressed by the Court in turn.

---

[56] Dkt. No. 1-3 at 4, ¶ 10.
[57] *Id.*
[58] *Id.* at 7, ¶ 37.
[59] *Id.* at 7, ¶ 38(3).
[60] *Id.* at 3, ¶ 13.
[61] *Id.* at 4, ¶¶ 18-19.

i. Non-fraud claims based on Texas Insurance Code § 542 (Prompt Payment of Claims) and § 541 (Unfair Settlement Practices)

Plaintiff alleges that Defendant violated § 542 (Prompt Payment of Claims) when it delayed payment and did not accept or deny the claim "within the statutorily mandated time."[62] In this mere conclusory allegation, Plaintiff fails to specify relevant dates, so the Court is unable to determine whether the alleged delay in fact constitutes a violation of the statute. Thus, the Court finds that Plaintiff's threadbare allegations under § 542 fail to state a claim upon which relief may be granted.

Plaintiff also alleges that Defendant violated § 541.060 (Unfair Settlement Practices) by failing to conduct "reasonable investigations with respect to the [insurance] claims."[63] In support of that contention, Plaintiff simply states that Defendant "conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation."[64] These characterizations—substandard, not thorough, inadequate—lack any factual enhancement and cannot support the plausibility of Plaintiff's claim.

ii. Claims of fraud based on Texas Insurance Code § 541 and DTPA

Plaintiff alleges that Defendant violated § 541 by "making an untrue statement of material fact"[65] and "making statements misrepresenting the terms and/or benefits of the policy."[66] However, the factual detail related to these allegations is lacking and cannot survive the instant motion to dismiss. Plaintiff does not describe specific fraudulent statements; the only statements it includes are those by the insurance adjuster and engineer's reports finding that the damage was not caused by hail or wind.[67] While these reports, if ultimately determined to be inaccurate, might

---

[62] Dkt. No. 1-3 at 5, ¶ 25.
[63] *Id.* at 7, ¶ 35(5).
[64] *Id.* at 3-4, ¶ 15.
[65] *Id.* at 7, ¶ 36(1).
[66] *Id.* at 6, ¶ 34(1).
[67] *Id.* at 4, ¶ 17.

technically be "untrue statements," Defendant correctly points out that for a misrepresentation to be relevant for § 541 purposes, it "must be about what [the] policy says or what [the] policy covers, not the application of the facts of the claim to coverage."[68] The emphasis on representations related to *policy coverage* is even clearer under the DTPA, where the Act proscribes "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve."[69] Here, Plaintiff makes no factual allegation that Defendant misrepresented the nature or coverage of the insurance policy between the parties.

Furthermore, Plaintiff's fraud allegations fail to meet the Rule 9(b) standard, which requires Plaintiff to specify in its complaint the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.[70] Rather than providing specific details of each alleged incident of fraud, Plaintiff generally alleges that, "Together . . . Defendants, Wertis, Truitt, and Highfield set out to deny properly-covered damages by performing a results-oriented investigation."[71] Without more detailed factual allegations regarding how these parties conspired to deny benefits for covered damage, these are disallowed collectivized or group allegations[72] which are insufficient to meet the 9(b) pleading standard.

### III. CONCLUSION AND HOLDING

The Court has considered Defendant's motion to dismiss and, for the foregoing reasons, **GRANTS IN PART AND DENIES IN PART** such motion. Plaintiff's claims for violations of

---

[68] Dkt. No. 7 at 16, ¶ 38. (citing *Texas Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012)).
[69] TEX. BUS. AND COMM. CODE § 17.46(b)(12).
[70] *See Schott*, *supra* note 41.
[71] Dkt. No. 1-3 at 4, ¶ 18.
[72] *See Southland Sec. Corp.*, 365 F.3d at 365.

the Texas Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's claim for breach of contract remains.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of September 2022.

_____
Micaela Alvarez
United States District Judge