United States District Court
Southern District of Texas
**ENTERED**
February 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BARRERA OCHOA CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00211 |
| § | |
| ACCEPTANCE INDEMNITY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers Plaintiff's emergency motion to quash[1] and **DENIES IT AS MOOT** given the notice of withdrawal.[2] The Court also considers Plaintiff's motion to appoint an umpire and stay the case,[3] Defendant's response,[4] and Plaintiff's reply.[5] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from an insurance dispute. Plaintiff alleges that its real property and improvements located at 5501, 5503, 5505, and 5509 Acapulco St., Rio Grande City, Texas 78582 were damaged by a hailstorm on or about May 26, 2020.[6] Plaintiff maintains that two months later on July 25, 2020, Hurricane Hanna also caused "extensive damage to the Property, including but not limited to damage to the roofing system, the exterior wall covering, HVAC systems, and the

---

[1] Dkt. No. 20.
[2] Dkt. No. 21.
[3] Dkt. No. 19.
[4] Dkt. No. 22.
[5] Dkt. No. 23.
[6] Plaintiff's Original Petition says 2022, but it is clear from the context that it means 2020. Dkt. No. 1-3 at 4, ¶ 11.

interior of the property."[7] Defendant denied Plaintiff's insurance claims arising from both of these events on December 7, 2020.[8]

Plaintiff filed suit on May 24, 2022.[9] Defendant removed to this Court on July 1, 2022,[10] and Plaintiff demanded appraisal on July 5, 2022, invoking contractual language (discussed below) and appointing Matt R. Heringer as its appraiser.[11] Defendant appointed Rondi Perry as its appraiser, but maintained that the damage to the property was the result of non-covered loss and "[a]ppraisal cannot determine **coverage** for or the **cause** of a loss."[12]

The appraisers were not able to agree on an umpire, and after several discussions about the issue, Plaintiff filed the instant motion for judicial appointment of an umpire and to stay the case.[13]

## II. DISCUSSION

### A. Legal Standard

The Court sits in diversity and applies Texas substantive law to the provisions of the insurance policy.[14] Appraisal provisions in an insurance policy "provide a means to resolve disputes about the amount of loss for a covered claim."[15] Under Texas law, "[appraisal] clauses are generally enforceable, absent illegality or waiver."[16] When the policy terms do not speak to abatement during appraisal, whether to stay the case is up to the Court's discretion.[17] "The key

---

[7] Dkt. No. 1-3 at 5, ¶ 11.
[8] Dkt. No. 19-4 at 5.
[9] Dkt. No. 1-3; the Court has since dismissed Plaintiff's extracontractual claims, but its contractual claims remain. Dkt. No. 17.
[10] Dkt. No. 1.
[11] Dkt. No. 19-5.
[12] Dkt. No. 19-6 at 3 (emphasis in original).
[13] Dkt. No. 19 at 6.
[14] *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).
[15] *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009)).
[16] *Debesingh*, No. 4:18-cv-02316, 2018 U.S. Dist. LEXIS 171669, at *6 (quoting *Universal Underwriters*, 345 S.W.3d at 407).
[17] *Quibodeaux v. Nautilus Ins. Co.*, No. 1:10-CV-739, 2012 U.S. Dist. LEXIS 199791, at *12 (E.D. Tex. 2012) (collecting cases).

question for courts when exercising this discretion is whether abatement will aid judicial efficiency and economy."[18]

### B. Analysis

In the instant motion, Plaintiff seeks to have the Court appoint an umpire and abate this suit via a stay "pending the outcome of appraisal."[19] Plaintiff directs the Court's attention to the following language in the parties' insurance policy:

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.[20]

Here, the parties' appraisers cannot agree on an umpire, and Plaintiff seeks judicial selection.[21]

First, Defendant complains that it is Plaintiff requesting the judicial selection of the umpire, and not Plaintiff's appraiser himself. This would be an insignificant issue in the first place since the policy is vague as to what happens if the appraisers cannot agree on an umpire, but neither appraiser requests judicial selection. But to circumvent any issues on this point, Plaintiff has submitted an affidavit from its appraiser with the relevant request.[22]

---

[18] *Debesingh v. Geovera Specialty Ins. Co.*, No. 4:18-cv-02316, 2018 U.S. Dist. LEXIS 171669, at *5 (S.D. Tex. 2018).
[19] Dkt. No. 19 at 4, ¶ 15.
[20] Dkt. No. 19-1 at 22, ¶ E.2.
[21] Dkt. No. 19 at 3, ¶ 11.
[22] Dkt. No. 23-1.

Second, as to the merits, Defendant asks the Court to interpret the appraisal provision of the policy to include appraisal as to valuation only. Defendant contends that "the Parties do not have a valuation dispute; Acceptance is disputing the coverage for the claim,"[23] and that "the primary issue is whether or not a hurricane damaged Plaintiff's roof and the coverage issue must be decided before any value dispute can exist."[24]

Defendant's argument conflates coverage and causation. It is true that appraisal would be unhelpful in a pure coverage dispute involving interpretation of the policy's scope. But here, the parties appear to agree as to coverage: hail and wind are covered; lack of maintenance, improper installation, and use of shoddy materials are not.

The question in this case—which losses are from covered causes and which losses are not?—is a question of causation. As the Texas Supreme Court has noted, "appraisers must always consider causation, at least as an initial matter."[25] This is true even "when the causation question involves separating loss due to a covered event from a property's pre-existing condition."[26] Appraisal is meant to resolve the extent of losses *from* a particular cause (here, wind and hail).

Even when appraisal resolves causation, it does not resolve coverage. As Defendant aptly points out,[27] "no matter what the appraisers determine, the policy cannot be rewritten, and Acceptance is not obligated to pay for damages not covered by the Policy."[28] The appraisers and/or umpire may ultimately agree or disagree whether a particular loss is from hail, hurricane winds, lack of maintenance, drainage deficiencies, or defective materials. But they do not have the authority to award damages for losses. The ultimate question of liability is for the Court.

---

[23] Dkt. No. 22 at 5-6, ¶ 22.
[24] *Id.* at 7, ¶ 24.
[25] *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009).
[26] *Id.* at 892.
[27] Though it is confusing why this acknowledgement does not influence the remainder of its arguments.
[28] Dkt. No. 22 at 5, ¶ 20.

Third, the Court will stay the case pending appraisal. Under the plain language of the policy, the written demand for appraisal need not be made before litigation is started.[29] So Defendant's argument that Plaintiff should have demanded appraisal or requested selection of an umpire earlier is unavailing. Notwithstanding the state of the parties' discovery, the Court, in its discretion, finds that appraisal may resolve or narrow the issues in this case.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion.[30] The Court **APPOINTS RANDY LEBLANC** as umpire and **STAYS** all discovery and deadlines in this case until completion of the appraisal process. A status conference is hereby set for **May 23, 2023,** at **9:00 a.m.** so that the parties can inform the Court whether appraisal is complete and if the stay should be lifted.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of February 2023.

_____
Micaela Alvarez
United States District Judge

---

[29] *See* Dkt. No. 19-1 at 22, ¶ E.2.
[30] Dkt. No. 19.